IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOO YUN CHUNG,<br><br>       Plaintiff,<br><br>    vs.<br><br>SAFEWAY INC.; ALBERT MITA; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL ENTITIES 1-10,<br><br>       Defendants. | Civ. No. 17-00020 HG-KJM |

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION**

Federal courts are courts of limited jurisdiction. Subject-matter jurisdiction is conferred on federal courts either through federal question jurisdiction under 28 U.S.C. § 1331, or through diversity jurisdiction under 28 U.S.C. § 1332. Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

On January 6, 2017, Plaintiff Joo Yun Chung filed the First

1

Amended Complaint in the Circuit Court for the First Circuit, State of Hawaii against Defendants Safeway, Inc. and Albert Mita. (ECF No. 1-2).

On January 13, 2017, Defendants removed the action to the United States District Court for the District of Hawaii. (ECF No. 1).

The First Amended Complaint does not appear to provide a basis for subject-matter jurisdiction. The First Amended Complaint does not assert a federal question. The First Amended Complaint asserts Hawaii state law negligence claims.

The allegations in the First Amended Complaint are insufficient to determine if diversity jurisdiction exists. Plaintiff asserts that both she and Defendant Albert Mita are "residents" of the State of Hawaii. There are no allegations as to the Parties' citizenship. The presence in the action of a plaintiff with citizenship from the same state as a single defendant deprives the district court of original diversity jurisdiction over the entire action. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

The First Amended Complaint also does not provide allegations as to the amount in controversy. "Conclusory allegations as to the amount in controversy are insufficient." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-91 (9th Cir. 2003).

Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject-matter jurisdiction. Plaintiff shall identify the citizenship for each of the Parties. Plaintiff shall specify the amount in controversy.

Plaintiff shall file her response on or before Thursday, October 19, 2017.

Defendants shall file their Reply on or before Thursday, November 2, 2017.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.2(d).

The Court will not set a briefing schedule on Defendants' Motion for Partial Summary Judgment unless jurisdiction is established.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 5, 2017.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Joo Yun Chung v. Safeway Inc.; Albert Mita; John Does 1-10; Jane Does 1-10; Doe Partnerships 1-10; Doe Corporations 1-10; Doe Governmental Entities 1-10; Civ. No. 17-00020 HG-KJM; **ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION**